IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| J.S.R., a minor, by his Mother, | ) | |
| Susan Tarter Childs, as his Next | ) | |
| Friend, and SUSAN TARTER | ) | |
| CHILDS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:13-CV-582-WKW |
| | ) | |
| DALE COUNTY BOARD | ) | |
| OF EDUCATION, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This memorandum opinion and order is entered contemporaneously with the court's memorandum opinion on the parties' cross-motions for summary judgment.

Before the court is Defendant Dale County Board of Education's Motion to Strike Plaintiffs' Exhibits 30, 31, 38, and 39, and the new claims raised in Plaintiffs' motion for summary judgment pertaining to the same exhibits. (Doc. # 36.) Plaintiffs J.S.R. and Susan Tarter Childs claim to have responded to the motion to strike, (Doc. # 43), but the response does not confront directly any issue raised in Defendant's motion. Plaintiffs' summary judgment reply brief (Doc. # 44, at 6) is responsive to Defendants' positions. Upon consideration of the parties' arguments and relevant law, the court finds that the motion to strike is due

to be denied.  However, the court concludes that the objections raised in the motion to strike are due to be overruled in part and sustained in part.

## I.  STANDARD OF REVIEW

Defendant's motion to strike does not identify any rule authorizing the relief Defendant seeks.  The Federal Rules of Civil Procedure allow for motions to strike pleadings, *see* Fed. R. Civ. P. 12(f), but not evidentiary submissions.  *See Smith v. Se. Stages, Inc.*, 479 F. Supp. 593, 594 (N.D. Ga. 1977).  The court therefore treats the motion to strike as an objection to Plaintiffs' exhibits and claims as set out in Defendant's motion.  *See id.*; *Norman v. S. Guar. Ins. Co.*, 191 F. Supp. 2d 1321, 1328 (M.D. Ala. 2002) (taking the same approach).  The court will consider the merits of Defendant's objections to Plaintiffs' evidence.

## II.  DISCUSSION

This action follows a state administrative due process hearing conducted pursuant to the Individuals with Disabilities Education Act ("IDEA").  Defendant protests that Plaintiffs' Exhibits 30, 31, 38, and 39[1] were not presented in the state administrative due process hearing, and that the exhibits pertain to events or circumstances arising since that hearing.  Defendant cites the law pertaining to civil actions in federal court for judicial review of a state administrative due process hearing under the IDEA.  *See, e.g.*, 20 U.S.C. § 1415(i)(2)(C)(ii) ("In any

---

[1] Plaintiffs' Exhibits 30, 31, 38, and 39 are included within Document Nos. 33, 34 and 35.

2

action brought under this paragraph, the court . . . shall hear additional evidence *at the request of a party*." (emphasis added)); *W. Platte R-II Sch. Dist. v. Wilson*, 439 F.3d 782, 785 (8th Cir. 2006) ("The IDEA permits a reviewing court to admit additional evidence to supplement the record if a party has a solid justification for doing so."). The Eleventh Circuit has noted that the IDEA "contemplates that the source of the evidence generally will be the administrative hearing record, with some supplementation at trial." *Walker Cnty. Sch. Dist. v. Bennett ex rel. Bennett*, 203 F.3d 1293, 1298 (11th Cir. 2000). District courts have been cautioned "not to allow such [supplemental] evidence to change the character of the hearing from one of review to a trial de novo." *Id.*

Relying on these authorities, Defendant objects that neither party filed a motion to admit additional evidence beyond the administrative record. (Doc. # 36, at 3.) Neither party, however, challenges the outcome of the administrative hearing. Rather, Count I of the Amended Complaint pertains to Plaintiffs' suit for attorneys' fees as the prevailing party at the administrative hearing, and Counts II, III, and IV are claims over which the state's impartial hearing officer declined to exercise jurisdiction.[2] Because the court is presented with claims raised but not decided during the administrative proceedings, there appears to be no reason to

---

[2] The impartial hearing officer determined that he lacked jurisdiction to entertain Plaintiffs' ADA, § 504, and federal constitutional claims under § 1983. (Administrative Decision, at 9–10.)

confine the evidence to the administrative record, and Plaintiffs need not request permission to supplement the record with evidence obtained after the conclusion of the administrative hearing.  Defendant's first objection is due to be overruled.[3]

Defendant next argues that Plaintiffs failed to exhaust their administrative remedies with respect to the evidence presented in Plaintiffs' Exhibits 30, 31, 38, and 39.  Defendant argues that, "[r]egardless of the manner in which Plaintiffs characterize their allegations" – *i.e.*, as claims under federal statutes other than the IDEA – "[Plaintiffs] are still required to exhaust their administrative remedies pursuant to IDEA."  (Doc. # 36, at 5.)  This is true.  "[W]hether claims asserting the rights of disabled children are brought pursuant to the IDEA, the ADA, Section 504, or the Constitution, they must first be exhausted in state administrative proceedings."  *M.T.V. v. DeKalb Cnty. Sch. Dist.*, 446 F.3d 1153, 1158 (11th Cir. 2006); *see also Babicz v. Sch. Bd. of Broward Cnty.*, 135 F.3d 1420, 1422 (11th Cir. 1998).  Plaintiffs have exhausted their administrative remedies with respect to their ADA, § 504, and § 1983 claims arising during or prior to the 2012–13 academic school year because Plaintiffs raised those claims during the course of their due process hearing.   However, Plaintiffs have not exhausted their

_____

[3] Additionally, Defendant did not request leave to submit the Affidavit of Beverly Lampkin or Ms. Childs's deposition, taken on August 11, 2014.  Neither piece of evidence is included in the state administrative record because each piece of evidence became available well after the completion of the administrative due process hearing.  Defendant's argument, which is inapposite, is further weakened by Defendant's inconsistent application of the principle that the evidentiary record must be restricted to the administrative record.

administrative remedies with respect to more recent claims. Plaintiffs, therefore, are constrained by the law of the Eleventh Circuit from raising any new ADA, § 504, or § 1983 claims related to J.S.R.'s education since the conclusion of the due process proceedings in June 2013 because there has been no additional due process complaint filed with the State Department of Education. "[C]laims asserted under Section 504 and/or the ADA are subject to [20 U.S.C. §] 1415(f)'s requirement that litigants exhaust the IDEA's administrative procedures to obtain relief that is available under the IDEA before bringing suit under Section 504 and/or the ADA." *Babicz*, 135 F.3d at 1422. Defendant's objection to Plaintiffs' summary judgment submissions and arguments is due to be sustained to the extent that Plaintiffs have not exhausted their administrative remedies with respect to issues arising since the completion of the 2012–13 academic school year.

Lastly, Defendant contends that "Plaintiffs' new Section 504 claims" concerning circumstances arising during J.S.R.'s ninth- and tenth-grade school years "were not identified in Plaintiffs' Complaint or First Amended Complaint." (Doc. # 36, at 6.) Defendant does not cite any law in direct support of that objection, but it is well established that a court should refuse to consider claims not pleaded in the operative pleading because a plaintiff may not amend the complaint through summary judgment briefing. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004). Defendants are entitled to pleaded notice of a

plaintiff's claims, and defendants are not required to "infer all possible claims that could arise out of facts set forth in the complaint." *Id.*  Furthermore, "th[is] court is barred from amending" a plaintiff's complaint for him because "the court may create the impression that it has become [his] advocate – or his worst enemy – depending on what the court does with the claim after amending it." *Miccosukee Tribe of Indians of Fla. v. United States*, 716 F.3d 535, 559 (11th Cir. 2013).

Plaintiffs' Amended Complaint was filed October 30, 2013, toward the beginning of J.S.R.'s ninth-grade year, the 2013–14 academic school year.  The Amended Complaint discusses facts that preceded the 2013–14 academic school year.  Plaintiffs' summary judgment submissions, however, address issues arising subsequent to the filing of the Amended Complaint, including J.S.R.'s exclusion from the varsity baseball team during his tenth-grade year, Defendant's failure to provide unspecified "counseling" to J.S.R., Defendant's prosecution of J.S.R. in Dale County Juvenile Court for habitual truancy, and the failure of J.S.R.'s IEP team to address his needs in light of his absences for what Plaintiff says should have been excused medical reasons.  (Doc. # 26, at 26).  Additionally, Plaintiffs complain in their brief that Defendant "continue[s] to ignore [J.S.R.'s] social, emotional, and academic needs" since the completion of the administrative due process hearing.  (Doc. # 26, at 11 (citing Plaintiffs' Exhibit 31, which appears to be J.S.R.'s IEP for the 2014–15 school year).)  Plaintiffs maintain that these facts

support their claims for unlawful discrimination and retaliation under the ADA and § 504.  (Doc. # 26, at 26.)

Plaintiffs' Amended Complaint does allege, in conclusory fashion, that J.S.R. has suffered unlawful discrimination and retaliation.  (*See* Am. Compl. at Counts II & III.)  However, Plaintiffs never amended their pleading to give Defendant notice that their claims encompassed any of the additional facts arising during the 2013–14 and 2014–15 academic school years.  For that reason, Defendant's objection is due to be sustained, and the claims to be considered at summary judgment are limited to what was pleaded in the Amended Complaint.

## III.  CONCLUSION

In accordance with the foregoing analysis, it is ORDERED that Defendant's motion to strike (Doc. # 36) is DENIED.  The objections to Plaintiffs' Summary Judgment Brief and Evidentiary Submissions are OVERRULED IN PART and SUSTAINED IN PART, as set out herein.

DONE this 28th day of September, 2015.

/s/ W. Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE