IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| J.S.R., a minor, by his Mother, Susan Tarter Childs, as his Next Friend, and SUSAN TARTER CHILDS, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CASE NO. 1:13-CV-582-WKW [WO] |
| DALE COUNTY BOARD OF EDUCATION, ) ) ) | |
| Defendant. ) | |

## **ORDER**

Before the court is the Motion to Reconsider (Doc. # 84), in which Defendant requests reconsideration of the January 6, 2016 Memorandum Opinion and Order granting Plaintiffs' motion for attorneys' fees (Doc. # 81). The motion (Doc. # 84) is due to be denied.

In support of its motion to reconsider, Defendant contends that there "was never any indication . . . that Plaintiffs' attorneys' fees would be bifurcated." (Doc. # 84, at 2.) Several aspects of the record belie this representation.

First, from the outset of the litigation, Plaintiffs broadcast their intent to bifurcate the issue of attorneys' fees. In the Amended Complaint, Plaintiffs claimed first that they were entitled to attorneys' fees arising out of their

prosecution of the due process complaint. (Doc. # 2, at 8.) Plaintiffs also alleged that, if they are determined to be prevailing parties, they will be entitled to fees in prosecuting "this action," or the instant federal lawsuit. (Doc # 2, at 8.)

Second, the court's resolution of the parties' cross-motions for summary judgment directed Plaintiffs to seek attorneys' fees in a piecemeal fashion. Pursuant to the September 28, 2015 Memorandum Opinion and Order, it was determined that Plaintiffs were prevailing parties only for purposes of the IDEA due process proceedings. (Doc. # 65-1, at 23.) Accordingly, Plaintiffs were entitled to attorneys' fees "for the prosecution of the due process complaint for IDEA relief." (Doc. # 65-1, at 23.) The import of this statement was and is clear: Plaintiffs may bifurcate their recovery of attorneys' fees, seeking compensation first for hours expended in relation to the IDEA due process proceedings.

Third, Plaintiffs' petition sought fees only in relation to the IDEA due process proceedings. The opening statement of the petition requested that attorneys' fees be awarded "to the Plaintiffs for the Due Process proceedings in Special Education # 12-114 and for counsels' efforts to collect those attorney fees." (Doc. # 69, at 1.) The time records Plaintiffs' counsel submitted in conjunction with their petition make abundantly clear the limited nature of their request. They only sought compensation for "time expended in connection with

the Due Process, attempts to collect fees and the present Petition." (Doc. # 69, at 2 (referencing time descriptions attached as Exhibit A).)

Fourth, Defendant's response to the petition for attorneys' fees indicated its understanding that Plaintiffs only sought fees in relation to the IDEA due process proceedings.  In the introductory portion of its response, Defendant cited 20 U.S.C. § 1415(1)(3)(B)(i), the provision of the IDEA that allows prevailing parties to recover fees in a proceeding brought under that statute. (Doc. # 70, at 1.) Nowhere in its response did Defendant articulate its current position that Plaintiffs' petition was intended to resolve issues of attorneys' fees for all aspects of the federal lawsuit.

Fifth, the Memorandum Opinion and Order granting Plaintiffs' petition for attorneys' fees articulated the restricted nature of the relief being granted.  It made specific reference to the narrow finding that Plaintiffs were prevailing parties "under the IDEA." (Doc. # 65-1, at 5.)  The award encompassed only those hours expended in relation to the IDEA administrative due process proceedings.

The fact that Plaintiffs recovered attorneys' fees for their prosecution of the IDEA due process complaint does not foreclose their right to seek attorneys' fees for aspects of the case that remain unresolved.  This is true regardless of the representations the parties made in connection with mediation and settlement efforts.  The parties intend to proceed to trial on three outstanding claims:

violation of Plaintiffs' rights under the Americans with Disabilities Act (Count II); discrimination under § 504 of the Rehabilitation Act (Count III); and liability for deprivation of Plaintiffs' constitutional rights under 42 U.S.C. § 1983 (Count IV). If Plaintiffs prevail on the remaining claims, they will be entitled to seek attorneys' fees for the efforts they expended litigating those aspects of the case. *See* 29 U.S.C. § 794a; 42 U.S.C. § 1988. And the reasonableness of these fees, an issue that will only be reached in the event that Plaintiffs in fact prevail on their remaining claims, is an inquiry that is wholly separate from the reasonableness of Plaintiffs' fees related to the IDEA administrative due process proceedings.

The issue of the reasonableness of Plaintiffs' attorneys' fees arising out of the IDEA due process proceedings has been resolved. Both parties received ample opportunity to present arguments and evidence in support of their positions with respect to that award.[1] To the extent Defendant wished to attach evidence regarding the reasonableness of Plaintiffs' rates, it was allowed to do so in its response to the petition. (*See* Doc. # 70.) The court is itself an expert on the

---

[1] In light of typographical errors in Plaintiffs' initial reply brief, which impeded the full consideration of the relevant arguments and evidence, the court ordered Plaintiffs to file a corrected reply brief. (*See* Doc. # 74.) Defendant represents in the instant motion that this offered Plaintiff a "second bite at the apple," and that Plaintiffs submitted new evidence in conjunction with their corrected reply. (Doc. # 84, at 3.) Plaintiffs submitted no new evidence in conjunction with their corrected reply. A cursory review of the exhibits attached to each document reveals this fact. (*Compare* Doc. # 73 *with* Doc. # 75.) The Harrell and Lamere affidavits were attached as exhibits A and B, respectively, to each document. In fact, all of the exhibits attached to the corrected reply (Doc. # 75) are identical to the exhibits attached to the initial reply (Doc. # 73).

matter of hourly rates, and it drew upon this expert knowledge in arriving at the reasonable fee award that it ultimately issued. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Accordingly, it is ORDERED that the Motion to Reconsider (Doc. # 84) is DENIED.

DONE this 14th day of January, 2016.

                                          /s/ W. Keith Watkins
                                  CHIEF UNITED STATES DISTRICT JUDGE